UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC PIERRE; *et al.*,

           Plaintiffs,

-against-

THE CORE GROUP/CORE GROUP-OAS TRUST, *et al.*,

           Defendants.

23-CV-7093 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Marc Pierre, who is proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action under the Alien Tort Statute, 28 U.S.C. § 1350. He initiated this action by filing an 821-page complaint. On October 4, 2022, Plaintiff filed a substantially similar complaint against some of the same defendants named in this action. *See Pierre v. Consulate General of Haiti*, ECF 1:22-CV-8504, 16 (S.D.N.Y. May 22, 2023) ("*Pierre I*"). The Court dismissed that action on December 20, 2022, but granted Plaintiff 30 days' leave to file an amended complaint. On January 20, 2023, Plaintiff filed a 788-page amended complaint. The Court dismissed the *Pierre I* action on May 22, 2023, for lack of subject matter jurisdiction.[1]

    For the following reasons, the Court dismisses this new action for lack of subject matter jurisdiction and warns Plaintiff that, should he continue to file duplicative actions, the Court may order him to show cause why he should not be barred from filing further actions IFP, without prior permission.

---

[1] The Court also dismissed claims against immune defendants under 28 U.S.C. § 1915(e)(2)(B)(iii).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The Court assumes familiarity with the pleadings filed in *Pierre I* and the Court's orders in that action. In this new action, Plaintiff states:

> This is an action at law to contest the CORE Group which presents itself as an informal intergovernmental organization, providing 'legal advice to the Republic of Haiti', consisting of ambassadors from the Ens Legis United States; France; Canada; Brazil; Germany; Spain; European Union (EU); United Nations and the Organization of American States (OAS) but is actually a join-stock trust company which 'The Principals' was illegally/unlawfully/covertly/ostensibly placed under by trustee ens legis United States[.][2]

(ECF 1, at 5.) Similar to the allegations in *Pierre I*, the allegations in this new action primarily concern conduct on the part of the Haitian government (*See id.* at 6) ("Within one month of the assassination of President Jovenel Moise on July 7, 2021, (with the appointment of Ariel Henry as Prime Ministre) the joint-stock company CORE Group Trust restricted itself into the CORE Group-OAS trust."). Also similar to Plaintiff's pleadings in *Pierre I*, Plaintiff recycles the same allegations repeatedly throughout the complaint; he also describes Haitian history in detail, consuming hundreds of pages of the complaint. The underlying claims appear, however, to concern Plaintiff's declaration in 2018, demanding that the Haitian government turn over "missing Haiti Earthquake Funds and for me, Marc Pierre, to lead an Independent Haiti Reconstruction Commission funded by the United Nations to rebuild Haiti." (*Id.* at 2.) Plaintiff also asserted this underlying claim in *Pierre I*.

---

[2] The Court quotes verbatim from the complaint. All spelling, grammar, and punctuation are as in the original. The Court uses regular capitalization.

Plaintiff names as Defendants: (1) the CORE Group/CORE Group-OAS Trust; (2) CORE Group/CORE Group-OAS Trustee Ens Legis United States; (3) National City Bank of New York (Citibank); (4) CORE Group/CORE Group-OAS Trustee Ens Legis France; (5) French Bankers Lafitte Rothschild Lapanonze (Rothschild & Co.); (6) Societe General de Credit Industriel et Commercial (CIC) (Credit Mutuel); (7) CORE Group/CORE Group-OAS Trustee Ens Legis Canada; and (8) Canada Minerals and Metals Plan.

Plaintiff seeks $1,500,000,000,000 in money damages.

## DISCUSSION

### A.    Alien Tort Statute

Plaintiff asserts that this Court has jurisdiction of his claims under the Alien Tort Statute ("ATS"), which invests district courts with "original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. As the Court explained in *Pierre I*, Plaintiff's claims do not sound in tort. Rather, he seeks to litigate issues concerning the Haitian government, of which this Court has no jurisdiction. Accordingly, this Court lacks jurisdiction under the ATS to hear Plaintiff's claims.

### B.    Leave to Amend Denied

District courts generally grant a plaintiff who is proceeding *pro se* an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend his complaint because Plaintiff filed a substantially similar complaint in *Pierre I*, and the Court granted Plaintiff leave to amend his pleading in that action, but he could not cure the defects in his pleading in *Pierre I*. The Court concludes that it would be futile to grant him leave to amend in this action as well.

C. **Warning**

As noted above, Plaintiff filed a substantially similar complaint in *Pierre I*, in which the Court had granted him leave to amend. In its order granting leave, the Court detailed the reasons why Plaintiff could not pursue his claims in federal court regarding the Haitian government. In response to that grant of leave, Plaintiff filed an amended pleading that distinguished itself from the original pleading in length only; the original complaint was 479 pages, and the amended complaint was 788 pages. In light of this litigation history, the Court finds that Plaintiff was or should have been aware of the scope of the federal courts' subject matter jurisdiction when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where individuals proceeding *pro se* may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further duplicative litigation in this Court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

This action is closed, and all motions filed in this action are to be terminated.

Plaintiff is warned that further duplicative litigation in this Court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

6